FORET, Judge.
Joseph M. Touchet, Jr. (Plaintiff) brought this workmen’s compensation action alleging that he is totally and permanently disabled as a result of personal injuries suffered in an accident arising out of and in the course of his employment by defendant, Maxie Broussard [1]. Plaintiff sought to recover disability benefits and medical expenses incurred in the treatment of his injuries. In addition, plaintiff sought to recover penalties and attorney’s fees alleging that defendant had been arbitrary and capricious in failing to pay the benefits to which he is entitled.
Plaintiff contended in the trial court that he had suffered a severe injury to his back, as well as his left knee, in the accident and that he was totally and permanently disabled as a result thereof. The trial court found that plaintiff had failed to prove this. However, the trial court did find that plaintiff had sustained a 10% permanent disability of the left leg, entitling him to the schedule benefits for such a disability found in LSA-R.S. 23:1221(4)(h), (o).
The parties stipulated that all of plaintiff’s medical expenses, up to the time of trial, had been paid by defendant and that plaintiff was paid weekly compensation benefits of $76.16 for temporary total disability from the date of the accident until October 15, 1979, for a total payment of $10,967.04 in disability benefits. The trial court found that the amount paid to plaintiff for temporary total disability exceeded the amount he was entitled to receive under LSA-R.S. 23:1221(4)(h), (o) and that, since defendant was entitled to a credit under the provisions of LSA-R.S. 23:1223[2] for the amounts paid plaintiff for temporary total *398 disability, plaintiff was entitled to no further recovery. The trial court also found that defendant’s termination of benefit payments to plaintiff was justified after defendant received a report from a medical expert stating that plaintiff could return to work with no restrictions and that no further treatment was necessary. Thus, the trial court denied plaintiff’s claim with prejudice.
We have examined the record and find that the trial court judgment is correct, and we affirm same.[3]
All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
APPENDIX I
JOSEPH M. TOUCHET, JR. : 15TH JUDICIAL DISTRICT COURT
VERSUS NUMBER: 68478-D
MAXIE BROUSSARD : LAFAYETTE PARISH, LOUISIANA
REASONS FOR JUDGMENT
This is a suit for workmen’s compensation benefits wherein plaintiff seeks benefits for total and permanent disability, future medical expenses, penalties and attorney’s fees.
On December 13,1976 plaintiff was working as a laborer at a dairy owned by Maxie Broussard. Plaintiff testified that as he was descending a ladder, he twisted his left knee and fell to the concrete floor. Plaintiff stated that because his leg and knee were swollen and hurting, that he did not work the rest of the day.
Plaintiff was examined the next day for his knee injury by Dr. Joseph W. Burley. Dr. Burley advised plaintiff to refrain from working for ten (10) days. After that period, plaintiff returned to work for two (2) weeks, at which time he was dismissed by defendant. Plaintiff was apparently examined by Dr. Burley approximately four to five times during the one month period immediately following his injury.
Because of continued complaints of knee pain, on March 21,1977 plaintiff was examined by Dr. William L. Meuleman, an orthopedic surgeon. Dr. Meuleman prescribed a course of conservative treatment for plaintiff’s knee condition from March, 1977 until February, 1978. On February 21, 1978, Dr. Meuleman performed surgery on plaintiff’s left knee; at that time, a broken piece of cartilage was removed. Dr. Meuleman followed plaintiff’s post-operative progression until May, 1978. Dr. Meuleman was of the opinion that the surgery had been successful. Plaintiff also testified that the knee pain had been alleviated and that his knee is well.
Plaintiff now contends that the accident in December of 1976 has also caused his current alleged lower back problems and that as a result he is totally and permanently disabled. Plaintiff asserts that his toes began hurting the day after the accident; he further contends that his back and right leg were hurting him during his course of treatment for his knee injury. Plaintiff testified that he now has pain in his right leg and in his lower back and that when he does things such as mowing his lawn, that he has to stop every 5-10 minutes because of the pain.
Plaintiff testified that he told Dr. Burley, his initial treating physician, that he also had back pain immediately following the accident. Plaintiff did not, however, call Dr. Burley at trial or through deposition testimony to testify as to the nature of plaintiff’s original complaints of injury or as to the diagnosis which the doctor made *399 and his corresponding treatment thereof. Plaintiff did attempt to introduce, however, in connection with the deposition testimony of another examining physician, a report of Dr. Burley of January 25, 1977 concerning plaintiff’s initial complaints and treatment. Defendant timely objected to the introduction of the report; this evidence as presented is hearsay and is therefore not properly before this Court.
Plaintiff also testified that he was examined by Dr. John J. McCutchen, a neurologist, and by Dr. Alexander E. Brodsky, an orthopedic surgeon, in connection with his injury sustained in the December, 1976 accident. Plaintiff has also attempted to introduce the reports of these physicians along with the report of Dr. Burley; as discussed above, these reports are not properly before the Court. Plaintiff did not call Dr. McCutchen or Dr. Brodsky to testify on his behalf, and it must therefore be presumed that their testimony would have been adverse to his cause. It is notable, however, that plaintiff did testify that he did not complain of his alleged back condition to these physicians.
Plaintiff testified at trial that he told Dr. Meuleman about his back condition. Plaintiff also testified, however, that his wife accompanied him on his office visits with Dr. Meuleman, and that it was she who spoke with Dr. Meuleman concerning plaintiff’s complaints. He further stated that because his hearing is impaired, that he is not certain what his wife told Dr. Meule-man.
Dr. Meuleman testified that at no time during his course of treatment for the December, 1976 injury did plaintiff complain to him of back, leg, foot, or thigh pain. Dr. Meuleman stated that although plaintiff volunteered no complaints of back pain, that nevertheless he specifically questioned plaintiff concerning lower back pain; plaintiff’s response was that he had had some pain in the groin. Dr. Meuleman further testified that he spoke directly with the plaintiff, and not through plaintiff’s wife.
Plaintiff was last examined by Dr. Meuleman in April, 1980. Dr. Meuleman testified that this was the first time that the plaintiff had complained to him of back pain; Dr. Meuleman said that plaintiff told him that lately he had had back pain while working in his yard at home. Plaintiff admitted that he told Dr. Meuleman in April, 1980 that while working in his yard he began experiencing pain in the left hip, but he denied that this was the first time that he had complained of this pain to Dr. Meuleman. In deposition in October, 1979, when asked, “Did you hurt anything else besides your left knee?”, plaintiff replied, “No, sir.” (Deposition Touchet, pg. 6). At trial, plaintiff explained that he did not remember saying this in his deposition.
Plaintiff was examined by Dr. David M. Jarrott, a neurosurgeon, on March 17, 1980. At that time, plaintiff complained of pain in his left leg, knee, and radiation of pain down into the toe. Based upon the history as given to him by the plaintiff and upon this single clinical examination performed over 3 years after the accident, it was the opinion of Dr. Jarrot that plaintiff was suffering from chronic lumbar neuralgia, which he felt was the result of a previously unrecognized or untreated chronic lumbar disc syndrome. He further opined that it is plausible that both the initial knee pain following the accident and the current chronic back pain emanate from irritation of a nerve root in the spine at the L-5 or S-l level. Therefore, under Dr. Jarrott’s “theory”, (Deposition Jarrot, pg. 24), plaintiff’s current alleged back difficulty could be associated with the December, 1976 accident.
In contrast to the evaluation presented by Dr. Jarrot, Dr. Meuleman was of the opinion that plaintiff’s accident in December of 1976 had resulted only in an injury to the left knee, to which he attributed a resulting ten percent permanent disability of the left leg. He did not relate plaintiff’s current back problem to the accident. As the treating physician, it is the opinion of this Court that the testimony of Dr. Meule-man who was the physician of plaintiff’s choice, should be afforded greater weight than that of the physician who examined plaintiff for purposes of evaluation.
*400 At the time of trial, plaintiff was 44 years old. He has an eighth grade education and has worked as a laborer most of his adult life. He has undergone psychiatric treatment for 17 years, has been determined to be disabled because of psychiatric disorder, and is currently receiving Social Security disability benefits for that reason.
After reviewing the evidence as a whole, it is the opinion of this Court that plaintiff has failed to prove by a preponderance of the evidence that his current alleged back condition is the result of the December, 1976 accident. It is also the opinion of this Court, however, that plaintiff has sustained a ten percent permanent disability of the left leg as a result of this accident.
The parties have stipulated that all medical bills have been paid by defendant and that plaintiff was paid weekly compensation benefits of $76.16 for temporary total disability from the date of the accident, December 13, 1976, until October 15, 1979, a total of $10,967.04. Defendant is entitled to a credit for the payments made to plaintiff for temporary total disability against his obligation to pay schedule benefits for the ten percent permanent disability to plaintiff’s left leg. La.R.S. 23:1223. Because plaintiff has already received benefits for temporary total disability in excess of the amount to which he is entitled under the scheduled disability benefits provisions of the workmen’s compensation statute, La. R.S. 23:1221(4)(h), (o), he is not entitled to further recovery.
Plaintiff also seeks an award of penalties and attorney’s fees incurred as a result of defendant’s alleged arbitrary and capricious termination of compensation benefits. Compensation benefits were terminated after defendant received Dr. Meuleman’s report of August 29, 1979, in which he stated that it was his opinion that plaintiff could return to work and that no further treatment was necessary. It is therefore the opinion of this Court that defendant’s termination of benefits was justified. . Plaintiff’s claim for penalties and attorney’s fees is denied.
Accordingly, let there be judgment in favor of defendant, MAXIE BROUSSARD, and against plaintiff, JOSEPH M. TOU-CHET, JR., denying plaintiff’s claim for workmen’s compensation benefits for total and permanent disability, future medical expenses, penalties, and attorney’s fees.
The expert witness fee of Dr. David M. Jarrot is set at $200.00.
The expert witness fee of Dr. William L. Meu lemán is fixed at $200.00 and is hereby cast as costs. Costs to be paid by plaintiff.
An appropriate judgment will be signed upon presentation.
Lafayette, Louisiana this 29th day of October, 1980.
s/Lucien C. Bertrand. Jr.
LUCIEN C. BERTRAND, JR.
District Judge

. Defendant’s workmen’s compensation insurer, Southern Farm Bureau Casualty Insurance Company, was not made a party to these proceedings.

. “§ 1223. Deductions from benefits
Where compensation has been paid under subdivisions (1), (2), or (3), of R.S. 23:1221, the amount of such payment shall be deducted from any compensation allowed under *398 subdivision (4) thereof or under Sub-part C of this Part.”

. We annex hereto, as Appendix I, a copy of the trial court’s reasons for judgment with which we agree, but do not deem necessary to repeat or elaborate on in our review of the case.